UNITED STATES of America,
Plaintiff-Appellee,

v.

Lester DRAKE, Defendant-Appellant.

No. 80–5156.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 4, 1981.

Decided March 6, 1981.

James O. Marty, Jr., Memphis, Tenn., for defendant-appellant.

W. J. Michael Cody, U. S. Atty., Timothy R. DiScenza, Memphis, Tenn., for plaintiff-appellee.

Before EDWARDS, Chief Judge, LIVELY, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Appellant Drake was one of a number of persons charged with participating in a conspiracy to steal some 250 crates of Tide detergent which were delivered to a Memphis grocery supply firm named Malone & Hyde Company. He was also charged with perjury as a result of the negative answers he gave to two questions which were asked of him when he was called before a grand jury. The questions and answers asked and given are as follows:

"Q. Have you ever had a trailer truck, the truck being red and the trailer being silver, back up to your grocery store and unload Tide washing powder from it?

A. No, sir."

"Q. Okay, have you ever given any Tide washing powder to an individual that was in a Malone and Hyde van?

A. No, sir."

On submission of the issues in this case to the jury, the jury found appellant not guilty as to the count charging possession of goods stolen in interstate commerce but returned guilty verdicts on both perjury counts. Appellant was sentenced to one

year on each of the two perjury offenses with the sentences to run concurrently.

■ On appeal, the primary thrust of appellant's argument was that the questions addressed to him before the grand jury were not material to the grand jury investigation and that the government was precluded therefore from charging and convicting defendant on the perjury counts.

Our examination of the record does not disclose that the questions stated above were immaterial or that the jury's not guilty verdict demonstrated that they were. The jury's verdict could easily have been based upon its conclusion that the interstate nature of the shipment was not established in relation to the possession count as to defendant.

■ Review of the record also convinces this court that there was ample evidence upon which the jury could have concluded that appellant deliberately lied in his negative answer to the two questions above.

Although the first of these questions dealt in part with the color of the vehicle being unloaded and defendant testified without contradiction that he was color-blind, we conclude that the total question could not have been answered in the negative by appellant simply because of color blindness and there is overwhelming evidence in the record from which the jury could have concluded that the negative answer was a falsehood.

The judgments of conviction are affirmed.